## C. E. WESTBROOK v. J. S. MIZE.

1. JOINT INJURY; *Liability; Satisfaction; Bar.* Where several persons jointly commit an injury, the liability is joint and several, and the party injured may sue all of them in a single action, or he may sue them separately at the same time; but although several judgments may thus be obtained, there can be but one satisfaction, and the acceptance of payment in full upon the judgment obtained against one of such persons will operate as a bar to the further prosecution of actions for the same injury against any of the others.

2. PLEADING — *Damages* — *Measure of Recovery.* Although several separate suits may be brought for a joint liability, yet where the injury is an entirety, the damages resulting therefrom cannot be apportioned among the wrongdoers nor divided into separate demands; and where the injured party sues one of the wrongdoers and demands only a

part of the damages which he suffered by the injury, a recovery and satisfaction therein will operate as a bar to any further claim of damages against the others.

3. COSTS, *How Taxed.* In such a case, where separate suits are instituted against the wrongdoers, the plaintiff is entitled to the costs which had accrued in all of the cases up to the time when satisfaction is made in any one of them, but the defendants are entitled to recover the costs that may subsequently accrue in the other cases.

*Error from Marion District Court.*

THE opinion states the nature of the action and the facts. At the February Term, 1884, the court, upon the motion of the defendant *Mize*, rendered judgment against the plaintiff upon the pleadings in the cause. This ruling plaintiff brings here for review.

*Doster & Bogle*, for plaintiff in error.

*J. Ware Butterfield*, and *Scott & Lynn*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is an action for the conversion of a quantity of hay belonging to the plaintiff. After the plaintiff's reply had been filed, the court, upon motion of the defendant, rendered judgment against the plaintiff upon the pleadings in the cause, and this is the ruling complained of here. The only question for our decision, then, arises upon the interpretation and effect of the pleadings. It was alleged in the petition that on November 14, 1882, the defendant, J. S. Mize, wrongfully carried away and converted to his own use sixty tons of hay belonging to the plaintiff, which was of the value of $3 per ton. The defendant answered that the hay was seized as the property of one Henry J. Tucker, under an attachment issued in an action brought by C. F. Brandner against the said Tucker, in which action a judgment was rendered in favor of Brandner, and the attached hay was ordered to be sold as the property of Tucker to satisfy the judgment. In pursuance of that order and the direction of Brandner, the defendant advertised for sale the sixty tons of hay of which

he had possession, and on November 9, 1882, sold the same to Brandner; but when the hay came to be delivered to the purchaser on November 14, 1882, there remained but about thirteen tons thereof. The remainder of it, as was alleged, had been hauled away and used by Westbrook, the plaintiff in this action. As a further defense, the defendant alleged that on November 14, 1882, C. E. Westbrook began an action against Brandner to recover for thirty tons of hay of the alleged value of $3 per ton, claimed by Westbrook to have been wrongfully carried away by Brandner, and which was the same hay in controversy in this action; that the cause was tried on March 7, 1883, and resulted in a judgment in favor of Westbrook and against Brandner for the sum of $81, damages, with interest from the 14th day of November, 1882, and the costs of suit; that on April 14th, 1883, Brandner paid that judgment in full, and on April 17th, 1883, the amount thereof was accepted and receipted for by the plaintiff Westbrook. The plaintiff replied that the hay mentioned in defendant's answer was, at the time of the pretended levy and sale thereof by the defendant in his capacity as constable, the property of the plaintiff, of which fact he had full knowledge when the levy and sale were made, and he averred that the defendant and C. F. Brandner, who also knew that the hay was the property of the plaintiff, colluded together for the purpose of injuring the plaintiff and depriving him of his property, and so colluding together, caused the levy and sale of the hay as the property of Henry J. Tucker. In further reply to the answer of the defendant, the plaintiff alleged that the judgment mentioned in his answer against said C. F. Brandner was rendered "under chapter 113 of the Compiled Laws of 1879, for treble the actual damages sustained by said plaintiff on account of the wrongful act of said Brandner in carrying away from section one, township twenty-two, range four, in Marion county, nine tons of hay in controversy in this suit, and no more, the same being only a portion of the hay which said Brandner and said defendant had, as hereinbefore alleged, wrongfully levied upon and sold and converted to

their own use,.and by reason of said fact, was not·a payment for the full amount of damages which the said plaintiff sustained by the wrongful and tortious act of the said Brandner and said defendant."

We are of opinion that the acts of the plaintiff, as stated and admitted in the foregoing pleadings barred the further prosecution of his suit. By his· reply it appears that the defendant and C. F. Brandner conspired together to wrongfully deprive the plaintiff of his property. The tortious taking of the sixty tons of hay was the joint action of both Brandner and the defendant. It being a joint wrong, either or both of the parties were liable to the full extent of the injury, as the law holds any one of such joint trespassers responsible for the misconduct of all. The plaintiff was therefore at liberty to sue them jointly, or to bring separate actions against each, but he can only have one satisfaction for such injury. The bringing of a suit against Brandner would not bar the institution of a separate suit against the constable, but if a recovery was had·in the case against Brandner for the joint liability, the satisfaction of that judgment would preclude the further prosecution of the action against the constable. That is the case made by the pleadings. The present action· was brought on the 12th day of March, 1883; and in the reply filed by the plaintiff, he admits that on November 14, 1882, he sued Brandner for taking and carrying away a portion of the hay in controversy in this action, and obtained a judgment therein which·has been fully satisfied. That the hay involved in that suit is the same for which a recovery is sought in this action, is quite clearly stated. He first charges that the defendant and ·Brandner wrongfully converted sixty tons of hay·by the unlawful levy and sale· thereof as the property of Tucker, and then states that the judgment which he recovered against Brandner in the former action was for "nine tons of hay in controversy in this suit," "the same being only a portion of the hay which said Brandner ·and said defendant had,·· as hereinbefore alleged, wrongfully levied upon·and sold, and converted to their own

1. Joint injury; liability; satisfaction; bar.

use;" and then he follows with the statement that the amount of recovery in that action "was not a payment for the full amount of damages the said plaintiff sustained by the wrongful and tortious act of said Brandner and said defendant." It is thus seen that the wrongful taking charged against Brandner; for which a recovery and satisfaction has been had, is embraced in the joint injury committed by the defendant and Brandner. It is now claimed by the plaintiff that as the recovery against Brandner was for but nine tons of the hay, a separate action can be maintained against him for the injury done by his co-trespasser, providing the damage done by one can be ascertained and separated from that committed by the other. The responsibility cannot thus be apportioned. The entire quantity of the hay was levied upon under a single attachment and sold at a single sale in pursuance of the alleged conspiracy between Brandner and the defendant. The levy and sale under the circumstances alleged constituted a single tortious act, and the injury thus jointly committed is an entirety. It is immaterial who removed and used the hay, or whether nine tons were actually used by Brandner and the other fifty-one by Mize, because, being a joint trespass, each is responsible for the whole, and a release of one is a release of all. From the pleadings it appears that the injury inflicted, and the claim of damages therefor, constituted a single and entire demand, which the law does not permit to be severed or divided up into several causes of action. If in the former action the plaintiff demanded less than he was entitled to, or if he sued for all and recovered less, he will not be permitted after the payment and acceptance of the amount recovered, to maintain an action against the other trespasser for the balance to which he was entitled, or which he might have demanded in the first instance. (*Turner v. Hitchcock*, 20 Iowa, 310; Cooley on Torts, 133, *et seq.*, and cases cited.)

*2. Pleading; damages; measure of recovery.*

Nor will it avail the defendant that the former action was brought under chapter 113 of the General Statutes. Under the averments of the plaintiff in the present action, both

Brandner and the defendant might have been proceeded against in the action brought under that statute. In that action the plaintiff could have recovered treble the value of the hay taken and carried away, which is all and more than all sought to be recovered in this action. It is immaterial which remedy he pursues; he had but a single demand, and can only have a single satisfaction. Either remedy was open to him, and having elected to pursue the special statutory remedy, the other is not now available.

The assessment of all the costs against the plaintiff was, however, erroneous. The judgment in the first action was not paid until April 14, 1883, and the present suit was begun on March 12, 1883, and the answer therein was filed on April 6, 1883. The plaintiff, as we have seen, had a right to bring and maintain separate suits against each of the wrongdoers at the same time, and therefore had a right to recover all costs in both suits up to the time when satisfaction was made in either one. The plaintiff was therefore entitled to recover the costs which had accrued in this action until the judgment in the first action was fully satisfied, while all costs which subsequently accrued should be assessed against the plaintiff.

*3. Costs, how taxed.*

The judgment will be so modified, and the costs in this court will be divided.

All the Justices concurring.