THE ORCHARD PLACE LAND COMPANY v. EUGENIA A. BRADY *et al.*

NEGLIGENCE — *Obstructing Water Course — Substitution of Sewer.* Where a city, in grading one of its streets, filled up a natural water course, and, as a substitute for the water course or channel, constructed a small sewer or culvert under the grading or embankment on the street, and, with the consent of a land company, extended the same several feet upon its private property, and the land company graded up its lots, and continued the city sewer or culvert through its own property by joining its sewer or culvert with the city sewer, and subsequently the sewer or culvert of the land company, on account of its negligent construction and maintenance, fell in and obstructed the sewer or culvert built by the city, and thereby caused the overflow of the waters formerly carried off by the natural water course, *held*, that the land company is liable for the damages caused by such obstruction of the sewer and the overflow of the waters resulting therefrom.

*Error from Wyandotte District Court.*

ACTION begun by Eugenia A. Brady on the 8th day of July, 1889, against the city of Kansas City, *The Orchard Place Land Company*, and the Husted Investment Company, to recover $4,000 damages from the overflow of her premises by the waters of Splitlog creek. The case was dismissed against the Husted Investment Company, but a trial was had at the December term of the court for 1889, commencing on December 12, against the other defendants, and a verdict was entered against both defendants, jointly, for $2,610. The city of Kansas City brought its action to this court for review upon the pleadings, the special findings of fact, and the judgment rendered. That case was reversed as to the city. (*Kansas City v. Brady*, 52 Kas. 297.) Among other special findings of fact found by the jury upon the trial were the following:

"1. Was the property of the plaintiff mentioned in her petition damaged by being overflowed with water in May, 1889? Yes.

"2. What caused such overflow by water of the premises

of said plaintiff? By the falling of the sewer of the Orchard Place Land Company.

"3. Did the defendant city place a sewer or drain through the embankment in Tenney avenue prior to such overflow? Yes.

"4. If you answer the last question in the affirmative, what was the length of such drain or sewer so constructed by the city? About 150 feet.

"5. Did the drain or sewer constructed by the city extend beyond the south line of Tenney avenue, and if so, how far? About 50 feet.

"6. Did the drain or sewer constructed by the defendant city at Tenney avenue cave in, or become otherwise obstructed, prior to the overflow which occasioned the damage to plaintiff's property? Yes, by caving in of dirt at north end of sewer.

"7. If you find that the defendant Orchard Place Land Company made an embankment north of Tenney avenue across the channel of Splitlog creek, closing up and cutting off the mouth of the city sewer from the channel of said creek, state whether such embankment was so made before or after the overflow which caused the injury to plaintiff's property. Partly before, and partly after.

"8. If you find that an embankment was built across said creek above the plaintiff's property, about Eighth or Ninth streets, did the defendant Orchard Place Land Company have any connection with the building of said embankment? No."

The jury also made the following additional findings of fact, among others:

"Did not said company adopt and extend said sewer southward on its premises, by joining its sewer onto it, and making one continuous sewer? Yes.

"Was there not union or concert of action between said defendants in designing and constructing said sewer? Yes.

"Was not said sewer so carelessly and unskillfully constructed by both of said defendants that it cracked, crumbled and fell in at several places in the premises of each of them, and was wholly useless as a substitute for the creek? There is no evidence that the city sewer fell in; to the other part of the question, yes.

"When it fell in, was there any opening left for the escape of the water of the creek? No.

"Was the construction of the embankment and sewer on the property of the Orchard Place Land Company lying below Tenney avenue the joint act of the said Orchard Place Land Company and the city? As to the sewer, yes.

"Did the Orchard Place Land Company, before the high water or flood that injured plaintiff occurred, extend its embankment beyond the end of its sewer so as to obstruct the passage of water through.it? Yes.

"Did the sewer built by the Orchard Place Land Company fall in so as to obstruct the passage of water through it before the flood or high water that injured the plaintiff occurred? Yes."

Subsequently, and on February 22, 1890, judgment was rendered against both the city of Kansas City and the Orchard Place Land Company, upon the verdict of the jury, for $2,610 and costs. The Orchard Place Land Company has also brought the case here to review the rulings of the court upon a case-made containing all the proceedings of the trial court, including the evidence offered upon the trial.

*Mills, Smith & Hobbs,* for plaintiff in error.

*L. C. True,* and *W. H. Littick,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The city of Kansas City, in grading Tenney avenue, filled up Splitlog creek, a natural water course. As a substitute for the water course or channel of the creek, the city constructed a 4-foot sewer or drain under the grading or embankment at Tenney avenue, and extended the same 50 feet on the lots of the Orchard Place Land Company. This sewer or drain was elevated from 7 to 10 feet above the bed of the channel of the creek. The Orchard Place Land Company graded up its lots and continued the city sewer or drain through its property, joining its sewer or drain to the city sewer. Both the sewers or drains were of the same size; one was the continuation of the other. In May, 1889, the sewer upon the property of the Orchard Place Land Company fell in and obstructed the flow of the

waters through the same.   The special findings of the jury show that the Orchard Place Land Company's obstruction of the sewer or drain caused the overflow, and also caused the water to remain on the premises of plaintiff below.

In the opinion of the writer, both the city of Kansas City and the Orchard Place Land Company are jointly liable for the damages to plaintiff's premises occasioned by the overflow of the waters of Splitlog creek, as the city changed or diverted a natural water course, and then constructed a sewer or drain as an artificial channel to carry off the water upon the private property of the Orchard Place Land Company, and that company, after consenting to such construction of the sewer upon its premises, negligently and improperly obstructed the flow of water through the same. (*Trust Co. v. Cuppy*, 26 Kas. 754; *Bryant v. Carpet Co.*, 131 Mass. 491.)   But it is immaterial, in the disposition of this case, whether the overflow complained of and the injury resulting to the plaintiff's premises were the result of the joint action of the city and the Orchard Place Land Company, or of the latter company only.   If the Orchard Place Land Company is liable upon the evidence and the findings of fact, the judgment rendered against it may be affirmed, even if the judgment against the city, upon the findings of fact, ought to be reversed.

All of the members of the court agree that, as the sewer or drain under the bank of Tenney avenue was extended upon the property of the Orchard Place Land Company with the consent of that company, and as that company joined to and continued the sewer or drain through its property, the company is liable for any damages resulting to the plaintiff below from negligently constructing or negligently permitting its own sewer or drain to be obstructed or out of repair, whereby large quantities of water formed against and above Tenney avenue, to the injury of plaintiff's premises. (*Kansas City v. Brady*, 52 Kas. 297.)

Many of the rulings of the trial court are criticised in the brief of the Orchard Place Land Company, but in view of the evidence and the special findings of the jury, the errors

alleged are not prejudicial. Upon the undisputed facts, plaintiff below is entitled to recover. Therefore the judgment of the district court will be affirmed.

All the Justices concurring.