L. D. ARNOLD, *Appellant,* v. THE C. HOFFMAN & SON MILLING COMPANY *et al., Appellees.*

No. 17,257.

#### HEADNOTE BY THE REPORTER.

1. DAMAGES—*Obstructing Watercourse—Joint Liability.* Where two or more parties, acting jointly, wrong or injure another they are jointly and severally liable for the consequences, and the injured party may at his option sue in one action one or all who contributed to the injury.

2. ———— *Obstructing Watercourse—Willful and Wanton Negligence.* In an action for damages for overflowing plaintiff's land it is error to strike from the petition allegations of willful and wanton negligence on the part of the defendants.

Appeal from Dickinson district court. Opinion filed December 9, 1911. Reversed.

*Edward C. Little,* for the appellant.

*M. A. Low, Paul E. Walker, C. S. Crawford,* and *G. W. Hurd,* for the appellees.

*Per Curiam:* This was an action by Arnold to recover damages resulting from the overflow of his land and the destruction of his crops alleged to have been

caused by the joint action and wrong of the defendants.

After some preliminary motions and rulings Arnold filed an amended petition alleging that he owned land on the Smoky Hill river; that the defendants had illegally obstructed the flow of the water and threw it back on his farm; that the railway company, in building a bridge below his farm, constructed an embankment and placed about one hundred carloads of stone in the river, which operated to dam the river, and that the other defendants built a dam near the same place at a height not allowed by law, thus obstructing the flow of the river and creating a nuisance. It is alleged that on a certain date these acts of the different parties and these obstructions, operating jointly and contemporaneously, caused the river to overflow its banks and to destroy plaintiff's crops. It is also alleged that the conduct of the defendants in this respect was wanton and negligent and showed a willful indifference to the rights of the plaintiff, for which punitive damages were asked.

The court, on motion of defendants, ruled that the allegations in regard to willful and wanton negligence and punitive damages should be stricken out, and that plaintiff be required to separately state his cause of action against the railway company and his cause of action against the remaining defendants. The plaintiff refused to comply with the order but elected to stand upon his amended petition, whereupon the court dismissed the action.

The ruling requiring plaintiff to separately state and number the causes of action was not warranted and can not be affirmed. If two or more parties, acting jointly, wrong and injure another they are jointly and severally liable for the consequences, and the injured party may at his option sue one or all of those contributing to the injury. (*Westbrook v. Mize,* 35 Kan. 299, 10 Pac. 881; *Land Co. v. Brady,* 53 Kan. 420, 36 Pac. 728; *Kansas City v. Slangstrom,* 53 Kan. 431, 36

Pac. 706; *Kansas City v. File,* 60 Kan. 157, 55 Pac. 887; *Bryant v. Bigelow Carpet Co.,* 131 Mass. 491.)

The amended petition, fairly interpreted, is to the effect that the negligent acts of the defendants combined to throw the water back upon plaintiff's land and to cause the destruction of his crops. If it turns out that there was no concurring negligence, or that the act of one did not proximately contribute to the injury, there is no joint liability. The averments, in effect, are that the misfeasances charged against each operated jointly and contemporaneously in producing the overflow. The substance of the allegations is that the acts of the parties jointly conduced to the injury, and the plaintiff was therefore entitled to sue all for the joint tort.

Neither was the court warranted in striking out the allegation charging that the acts of the defendants were wantonly done and that they showed gross negligence and a wanton and willful indifference to the rights of the plaintiff. If these averments should be established by the evidence exemplary damages might be awarded.

The other questions presented are not material.

The judgment is reversed and the case remanded for further proceedings.