No. 18,962.

L. D. ARNOLD, *Appellant*, v. THE C. HOFFMAN & SON MILLING COMPANY et al., *Appellees*.

SYLLABUS BY THE COURT.

1. MILL DAM—*Flooding Land—Dam Not Proximate Cause of Overflow—Demurrer to Evidence Properly Sustained.* An action was brought upon the approved theory that if the negligent acts of several persons, although acting independently of each other, concurrently result in injury to another, each of the wrongdoers is answerable for all of the resulting damages and may be sued jointly or separately, as the injured party may elect; but, *held*, under the testimony in the case, that the dam maintained by the defendant alleged to be a joint tort feasor did not contribute towards the overflow of plaintiff's land and was not the proximate cause of the injury for which the action was brought.

2. SAME—*Evidence for Defense—Adduced on Cross-examination —Demurrer.* The fact that a defendant may have asked a witness of the plaintiff, at the end of the cross-examination, a number of questions and thus obtained testimony in support of the defense will not deprive the defendant from challenging the sufficiency of plaintiff's testimony by a demurrer nor prevent the court from considering and deciding whether the evidence of the plaintiff was sufficient to prove a cause of action against the defendant.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed October 10, 1914. Affirmed.

*E. C. Little*, of Kansas City, and *C. Elmer Rugh*, of Abilene, for the appellant.

*C. S. Crawford*, and *G. W. Hurd*, both of Abilene, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: L. D. Arnold, the appellant, brought this action against the appellees, The C. Hoffman & Son Milling Company, C. Hoffman, C. B. Hoffman, The Hoffman Elevator Company, and the Chicago, Rock Island & Pacific Railway Company, to recover damages resulting from an overflow of the Smoky Hill river and the destruction of his crops, caused, as it was alleged, by the joint action and wrong of the appellees. The case has been here before on appeal. (*Arnold v. Milling Co.*, 86 Kan. 12, 119 Pac. 373.) Appellant alleged that he owned land on the Smoky Hill river; that the appellees, The C. Hoffman & Son Milling Company, C. Hoffman, C. B. Hoffman and the Hoffman Elevator Company, had unlawfully obstructed the flow of water by the maintenance of a dam at a height considerably above that to which it was first built in 1869 or 1870 by the appellee, C. Hoffman, and which was allowed by law; that the appellee, The Chicago, Rock Island & Pacific Railway Company, in building a bridge across the river at a point between the dam and appellant's farm had dumped one hundred carloads of rock across the river where its bridge was built and had constructed an embankment which operated to further dam the river; and that by reason of these obstructions the appellees, "operating jointly and contemporaneously," had, on or about June 10, 1908, unlawfully thrown the water back upon his farm and caused the destruction of his crops. Appellant asked $3000 actual damages and $1000 punitive damages. After evidence had been introduced by appellant in support of his allegations the appellees separately demurred to his evidence. The demurrers of C. Hoffman, C. B. Hoffman and The Hoffman Elevator Company were sustained and those of the C. Hoffman & Son Milling Company and The Chicago, Rock Island & Pacific Railway Company were overruled. Appellant was then advised by the court

that he should elect to proceed either against the milling company or the railway company separately on the ground that there was no proof of "any joint and concurrent action" between them, but the appellant refused to elect, and the court, upon a reconsideration of the demurrer, sustained it also as to the milling company. These rulings appellant brings here for review, and the principal question appears to be whether or not the court rightly ruled on the demurrers interposed by appellees.

There appears to be no testimony in the record tending to show that in 1908 C. B. Hoffman or the Hoffman Elevator Company maintained, controlled or had any connection with the dam which, it is alleged, resulted in throwing the water back on appellant's land, and it is clear that as to them the demurrers to the evidence were rightly sustained. The C. Hoffman & Son Milling Company owned and held possession of the dam at the time of the flood of 1908, and it is contended that testimony was offered tending to show that the maintenance of the dam by this company contributed to the injury suffered by the appellant. On the first appeal it was held that:

"Where two or more parties, acting jointly, wrong or injure another they are jointly and severally liable for the consequences, and the injured party may at his option sue in one action one or all who contributed to the injury." (*Arnold v. Milling Co.,* 86 Kan. 12, syl. ¶ 1, 119 Pac. 373.)

The ruling therein made is challenged in this proceeding by appellee milling company as being out of line with the authorities, but we do not feel justified in reopening the discussion of a question so long settled in this state or in departing from the doctrine announced in cases previously decided. In two recent cases the ruling has been approved and followed. (*Luengene v. Power Co.,* 86 Kan. 866, 122 Pac. 1032; *McDaniel v. City of Cherryvale,* 91 Kan. 40, 136 Pac. 899.) Under the rule which obtains here if the negligent action of the

railway company and the milling company, whether acting jointly or independently, operated concurrently and contemporaneously to the injury of the appellant each is answerable for all of the resulting damages and a joint or separate action to recover for the injury may be maintained against them. When the case was first here the question was based on the allegations of the petition and it was there said that:

"If it turns out that there was no concurring negligence, or that the act of one did not proximately contribute to the injury, there is no joint liability." (*Arnold v. Milling Co.*, 86 Kan. 12, 14, 119 Pac. 373.)

It follows that if it appears that the action of the milling company did not contribute to the injury of which the appellant complains and was not the proximate cause of the loss the ruling of the court in sustaining the demurrer to his evidence must be sustained. The dam of the milling company was a high one and appears to have been raised from time to time so as greatly to obstruct the flow of the stream, and at times has operated to throw the water back on the adjoining lands above the dam. The fact, however, that the dam may have been built to an unauthorized height or that it may have caused an overflow on the lands of some riparian owners will not avail the appellant in his action to recover damages against the milling company unless it contributed to the injury for which a recovery is sought. Appellant is asking for the particular damages which resulted from the overflow in the flood of June, 1908, including the loss of his crops, and not for the permanent injury sustained, and the question therefore is whether the obstruction of the river by the milling company has contributed to any extent to throw the water back upon his land. His farm is about one and three-fourths miles above the dam, while the bridge and the obstruction made by the railway company is about a mile above the dam and is between the dam and appellant's farm. In the testimony produced by ap-

pellant it was shown that the piers of the railway
bridge had been placed in the river and that many car-
loads of rock had been thrown across the river near the
bridge, and that embankments had also been made by
the railway company at each end of the bridge, and that
all together made a dam which obstructed the flow of
the stream and backed the waters upon the lands ad-
joining the river above the bridge. The court ruled that
there was evidence tending to support a cause of action
against the railway company, but decided that the de-
tention of the water by the dam of the milling company,
one and three-fourths miles below the farm, did not
contribute towards the flooding of appellant's land.
This ruling was based largely upon his own testimony,
by which he made it appear that the water above the
obstruction at the railway bridge was from three to
four and one-half feet higher than it was below that
bridge, while the water thrown back upon his land was
only about two feet deep. He testified that when the
water was running over the dam during the flood he
observed that it was higher in the river opposite his
farm, but the fact that the water was so high as to run
over the dam did not mean that it raised the river out of
its banks opposite appellant's farm. On the contrary,
he testified that when the water was at the top of the
dam the river lacked from seven to ten feet of being full
opposite his place and that it required a rise of about
seven feet to take the water out of its banks at his place.
The fact that the water was from three to four feet
higher above than below the bridge, and some of the
witnesses placed it still higher, makes it clear that it
was the obstruction at the bridge rather than the dam
which caused the overflow of appellant's land. When a
break was made in the obstruction at the bridge there
was a perceptible lowering of the water, and the appel-
lant had demonstrated by his proof that if the obstruc-
tion had been removed and the water permitted to flow
on unimpeded to and over the dam his land would not

Arnold v. Milling Co.

have been flooded. The detention of the water at the dam may have resulted in flooding other lands between the dam and the bridge; but since the water held back by the dam was about four feet lower than that above the railway obstruction, which was much lower than the water on appellant's land was deep, it is self-evident that the overflow on appellant's land was the result of the upper instead of the lower obstruction.

There is nothing substantial in the contention that the milling company's demurrer to the evidence was not entitled to consideration because some evidence in behalf of appellees had been introduced before the demurrer was filed. It appears that after a witness for the appellant had been examined counsel for appellees stated that he desired to ask the witness a few questions on another subject and that as the witness was aged and did not wish to remain at the courthouse permission was asked to interrogate him out of order and save bringing him back at the peril of his health. With the consent of counsel for appellant this permission was given and a few questions upon a subject that had little bearing upon the case before us were asked, but this departure from the regular order did not prevent the court from considering and deciding whether the evidence of appellant was sufficient to prove a cause of action against the milling company.

A number of objections were made to rulings upon the admission of testimony but none of them are deemed to have been substantial errors or to have materially affected the result as between the appellant and the milling company.

The judgment of the district court will be affirmed.