No. 20,057.

A. V. ANGELL and EMILY J. ANGELL, *Appellees*, v. THE CHI-
CAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY et al.,
*Appellants.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

JUDGMENT AGAINST JOINT TORT-FEASORS—*Reversed as to Part—Affirmed
as to others.* A judgment against joint tort-feasors, which is reversed
as to a part of them who have been prejudiced by an erroneous trial
ruling, may be affirmed as to others with respect to whom the error was
nonprejudicial.

Appeal from Meade district court; GORDON L. FINLEY, judge.
Opinion denying a rehearing filed June 10, 1916. (For original
opinion see 97 Kan. 688, 156 Pac. 763.)

*Paul E. Walker,* and *Luther Burns,* both of Topeka, for ap-
pellant The Chicago, Rock Island & Pacific Railway Company.

*John W. Davis,* of Greensburg, for appellants J. W. Crowley
and H. B. Johnson.

*C. A. McNeill, Charles Stephens, Lee Shepherd,* all of Colum-
bus, and *F. B. Wheeler,* of Pittsburg, for the appellees.

The opinion of the court was delivered by

MASON, J.: In this case a judgment for damages resulting
from a crossing accident was rendered against the railway
company and two of its employees. On appeal this court con-
cluded that an error had been committed which was prejudicial
to the individual defendants but not to the corporation, and
therefore affirmed the judgment against it, while reversing it as
to them. The company asks for a rehearing or modification of
the decision on the ground that the judgment was an entirety,
and if reversed at all required to be set aside as to all against
whom it was rendered. Many cases, probably a considerable
majority of those in which the question is passed on, sustain
this view, but decisions to the contrary are not wanting. (4
Enc. L. & P. 664-666; 2 Standard Proc. 481; 2 R. C. L. 268,
269; 1 Black on Judgments, 2d ed., § 211, p. 315; 2 Dec. Dig.,
Appeal and Error, § 1173 (1).) We think the more reasonable

as well as the more modern rule is that a judgment against joint tort-feasors may be affirmed as to a part of them and reversed as to others where no substantial injustice will result from that procedure, and that such a situation is here presented. It is suggested that the execution of the judgment against the company should be stayed until the result of the action still pending against the employees is determined. The liability of the defendants was joint and several, and the plaintiffs might have proceeded separately against each of them. (*Westbrook v. Mize,* 35 Kan. 299, 10 Pac. 881.) The enforcement of their judgment against one is not dependent upon the result of their action against the others, and there is no occasion for staying execution.

The petition for a rehearing is denied.