WILLIAM B. SHAW *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

January 31, 1889.

Carrier—Liability for Passenger's Baggage.—A common carrier is liable as such for the personal baggage of a passenger delivered to and received by it solely for transportation, and not for storage, although for the convenience of the carrier the passenger consents to some delay in the transportation.

Appeal by defendant from an order of the district court for Ramsey county, *Simons, J.*, presiding, refusing a new trial.

*John C. Bullitt* and *Tilden R. Selmes*, for appellant.

*Rogers & Hadley*, for respondent.

DICKINSON, J. There was evidence justifying the jury in finding that, when the plaintiff was about to take passage upon a train of

the defendant at Miles City, he delivered to it, for immediate transportation, his proper personal baggage, for the loss of which the action is brought; but that he then indicated for the convenience of the defendant, and not for his own purposes, that he did not care whether or not it was forwarded by the next train, which was soon to pass that station, as it would be five or six days before he would reach his destination. In other words, there was evidence, proper for the consideration of the jury, that the baggage was delivered to the carrier, and by it received, merely for transportation in the usual course of business, and not for storage. The liability of a common carrier, therefore, attached at the time of the delivery. *Lawrence* v. *Winona & St. Peter R. Co.*, 15 Minn. 313, (390;) *Moses* v. *Boston & Maine R. Co.*, 24 N. H. 71, (55 Am. Dec. 222;) *Barron* v. *Eldredge*, 100 Mass. 455; *Clarke* v. *Needles*, 25 Pa. St. 338. The baggage was not sent by the next train, but was put in the defendant's baggage-room, where it was destroyed by the burning of the building on the following day.

Order affirmed.