Edens v. Fletcher.

---

CARRIE EDENS v. JOHN J. FLETCHER et al.

No. 15,716.   (98 Pac: 784.)

SYLLABUS BY THE COURT.

1. JOINT WRONG-DOERS—Release of One—Effect. An acknowledgment by the plaintiff of satisfaction against two of several defendants, who are sued as joint wrong-doers, will not release the others, where the instrument offered to show such release shows that it was not intended to have such effect.

2. ———— Reservation of Right to Proceed against Others. Where such acknowledgment of satisfaction contains an ex-

press reservation of the right to proceed against the other joint wrong-doers, who are codefendants with those released, and other expressions in the instrument are not inconsistent with the retention of such right, the intention of the parties that the instrument should not operate as a release of such codefendants sufficiently appears.

Error from Wyandotte court of common pleas; WILIAM G. HOLT, judge. Opinion filed December 12, 1908. Reversed.

### STATEMENT.

THE plaintiff, Carrie Edens, sued John J. Fletcher and twelve other defendants, including the municipality of Kansas City, Kan., and the mayor and chief of police of that city, for damages resulting from the intoxication of her husband by liquors sold to him by the defendants at a place where it is alleged they maintained a common nuisance. It is also alleged that the defendant brewing companies furnished the liquors for such unlawful purpose; that the city received a sum each month from its codefendants in consideration of its permission to carry on such business; that the mayor and chief of police participated in this corrupt arrangement; and that thereby, and because of the intoxication of her husband thus caused by the defendants, plaintiff's home had been ruined and she had lost the means of support for herself and family, to her damage in the sum of $20,000.

While a motion to set aside the service of summons upon the Val Blatz Brewing Company was pending the plaintiff entered into a stipulation in this and other similar actions, as follows:

"It is hereby stipulated and agreed by and between the parties to the above-entitled causes that the said causes be and the same are dismissed as to the defendants The Val Blatz Brewing Company and John Kremer, the plaintiff hereby acknowledging full satisfaction and payment for all damages and injuries arising out of, or in any manner connected with, the causes of action in the petitions in these causes alleged against

Edens v. Fletcher.

said company and said John Kremer. And the plaintiff further acknowledging full satisfaction and payment of any injuries or damages arising out of the matter set out in said petitions against the United States Brewing Company the same as if said brewing company had been made a party in the said petitions and these causes.

"The plaintiff hereby reserving, and not in any manner waiving, any rights or causes of action against any of the other defendants."

Thereupon the plaintiff dismissed her action as to the Val Blatz Brewing Company and Kremer without prejudice. The defendant Fletcher then filed the following motion:

"Comes now the defendant John J. Fletcher, in each of the above-named actions, and moves the court to dismiss the said action and each of them for the following reasons, to wit: First, because on or about the 15th day of September, A. D. 1906, the plaintiff in each of the above-entitled actions made a full accord, settlement and satisfaction with defendants John Kremer and Val Blatz Brewing Company, for all the injuries alleged and set forth in the petitions filed in said actions, and received therefor the full sum of four hundred dollars, and therefore agreed to, and did, dismiss all of said actions against the said John Kremer and the said Val Blatz Brewing Company, and thereby the said accord and satisfaction as to the defendants John Kremer and the Val Blatz Brewing Company did operate as a bar to the further prosecution of each and all of the cases aforesaid."

This motion was heard over the objection of the plaintiff, who contended that the matters referred to therein should be pleaded in defense and could not properly be decided upon a mere motion. The motion was allowed and the action dismissed. The plaintiff excepted, and brings the case here for review.

*James M. Mason,* and *E. E. Chesney,* for plaintiff in error.

*Enright & Screechfield,* and *Harkless, Crysler & Histed,* for defendants in error.

The opinion of the court was delivered by

BENSON, J.: The plaintiff alleges that the court erred in hearing the motion over her objection, and in holding that upon the stipulation and the payment therein acknowledged the motion should be allowed. The defendant Fletcher, who alone made the motion and obtained the order of dismissal, contends that the remaining defendants, having been sued as joint wrong-doers with the brewing company and Kremer, were released by the settlement so made with them, upon the principle that the release of one or more of several joint wrong-doers releases all. (*Westbrook v. Mize,* 35 Kan. 299, 10 Pac. 881.)

It was said in *Railway Co. v. McWherter,* 59 Kan. 345, 53 Pac. 137, that "the soundness of the general rule that a settlement with one of two joint tort-feasors ordinarily discharges both is recognized." (Page 351.) That there are exceptions to, or limitations upon, the application of the rule must also be conceded, for in the case last cited it was held not to apply where the proof did not show that the defendant released was liable for the tort although charged with its commission. It was held in *Wardell v. McConnell,* 25 Neb. 558, 41 N. W. 548, in an action for damages under the civil liability provisions of the intoxicating liquor laws of that state, that "the rule is that where the damages are uncertain, accord and satisfaction before judgment by one of several joint wrong-doers is satisfaction as to all; but the discharge of a party not shown to be a joint wrong-doer will not operate as a discharge of the other defendants." (Syllabus.) In the opinion it was said:

"In the case at bar, there being no proof that Huber was jointly a wrong-doer in the sale of liquors to J. B. McConnell, the receipt of the money by Mrs. McC. and dismissal of the action as to Huber did not release the plaintiffs in this action. The judgment of the district court is right, and is affirmed." (Page 560.)

A similar result was reached in *Thomas v. R. R. Co.*, 194 Pa. St. 511, 45 Atl. 344.

It is also held in many jurisdictions that the rule invoked by the defendants does not apply to cases where the instrument offered as a release contains a reservation of the right to sue the other codefendants. Other courts hold that such reservation does not prevent the application of the principle, and that all joint wrong-doers are discharged from liability by the release of one, because of the supposed indivisibility of a single tort, where there can be no apportionment of the damages among the tort-feasors, and because the reservation is repugnant to the release. A recent and leading case supporting this doctrine, *Abb v. Northern Pacific Ry. Co.*, 28 Wash. 428, is reported in 58 L. R. A. 293, and in 92 Am. St. Rep. 864, 882, with elaborate notes in each reviewing the authorities on this subject. In *McBride v. Scott*, 132 Mich. 176, 93 N. W. 243, 61 L. R. A. 445, 102 Am. St. Rep. 416, 1 A. & E. Ann. Cas. 61, the same rule is declared.

The decisions to the contrary, while conceding the general rule as stated in *Westbrook v. Mize*, 35 Kan. 299, 10 Pac. 881, deny its application to cases where the instrument shows that it was not the intention to release all the wrong-doers, and that such intention appears where the instrument reserves the right to proceed against those who are not by its express terms released. This is the rule finally adopted in New York, after an exhaustive review of the earlier decisions in that state and elsewhere. In *Gilbert v. Finch*, 173 N. Y. 455, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623, that court said:

"The instrument given to the Maine incorporators upon the settlement of the plaintiff's suit against them released and discharged them from all further claims or demands, so far as the plaintiff was concerned, but it was expressly provided in the instrument that it should not affect any cause of action on behalf of the receiver against any other person. The purpose of this

reservation is very evident. The receiver, doubtless, intended to pursue the defendants for the balance of the claim. . The instrument, therefore, does not purport, neither was it intended, to be a full and complete settlement of the plaintiff's entire claim.   .   .   .   In England the modern authorities appear to be quite uniform upon the question. They are to the effect that, as between joint debtors and joint tort-feasors, a release given to one releases all; but if the instrument contains a reservation of a right to sue the other joint debtor or tort-feasors, it is not a release, but in effect is a covenant not to sue the person released, and a covenant not to sue does not release a joint debtor or a joint tort-feasor." (Pages 462, 463.)

The opinion concludes thus :

"Where the release contains no reservation it operates to discharge all the joint tort-feasors; but where the instrument expressly reserves the right to pursue the others it is not technically a release but a covenant not to sue, and they are not discharged. It follows that the release, so called, did not operate to discharge the defendants." (Page 466.)

In *Duck v. Mayeu,* (1892) 2 Q. B. 511, it was held that a release of one of two joint tort-feasors containing a clause that it was made without prejudice to the claim against the other was a covenant not to sue, and that it did not operate as a release in favor of the defendant not included in its terms. The decision is based upon the principle that the intention of the parties as deduced from the whole instrument must be carried out. The court said :

"If it were clear that the right against a joint debtor was intended to be preserved, inasmuch as such right would not be preserved if the document were held to be a release, the proper construction, where this was sought to be done, was that it was a covenant not to sue, and not a release." (Page 514.)

The same rule appears to be approved in the following cases, among others : *Bell v. Perry & Townsend,* 43 Iowa, 368; *Bloss v. Plymale et al.,* 3 W. Va. 393, 100 Am. Dec. 752; *Sloan v. Herrick,* 49 Vt. 327; *Matthews*

Edens v. Fletcher.

*v. Chicopee Manufacturing Company,* 3 Robt. (N. Y. Super. Ct.), 711.  In the case last cited the release of one joint wrong-doer was pleaded as a defense by the other.  The alleged release contained a reservation similar to the one in the instrument under consideration here.  The court said:

"It is plain that full effect can not be given to all parts of such an instrument literally.  If it is an absolute release, it is a satisfaction of the claim, and necessarily discharges the liability of any other person, either jointly or as surety therefor.  If it reserve the liability of that other, it can not be a release.  At first courts were inclined to reject the latter reservation as repugnant to the first, or releasing it.  But subsequently, on the principle of attempting to reconcile all parts, so as to carry out the apparent object of the parties, *ut res magis valeat,* &c., they have given effect to the words of present release as being merely executory or a covenant.  The sole ground of the effect of a release to one of several joint contractors or wrongdoers, in discharging all, is that it was in presumption of law a satisfaction, . . . and wherever the release was in such a form, or accompanied by such restrictions, as to repel such presumption, it did not necessarily discharge all."  (Page 713.)

This opinion was the subject of much judicial consideration in New York and other states, followed in some cases and rejected in others, until by the decision in *Gilbert v. Finch,* 173 N. Y. 455, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623, it was adopted as the settled rule in New York.  The court of appeals of the eighth federal circuit has adopted the same view.  The late Judge Thayer, in *Carey v. Bilby,* 129 Fed. 203, 63 C. C. A. 361, said:

"We are of opinion that the doctrine enunciated in the cases last cited is supported by the greater weight of authority, and is founded upon the better reasons.  It has the merit of giving effect to the intention of the party who executes such an instrument, which should always be done when the intention is manifest and it can be given effect without violating any rule of law, morals, or public policy.  Besides, we are not aware of

any sufficient reason which should preclude a person who has sustained an injury through the wrongful act of several persons from agreeing with one of the wrong-doers, who desires to avoid litigation, to accept such sum by way of partial compensation for the injury as he may be willing to pay, and to discharge him from further liability without releasing his cause of action as against the other wrong-doers. The law favors compromises generally, and it is not perceived that an arrangement of the kind last mentioned should be regarded with disfavor. The release which was read in evidence in the case at bar plainly shows that the sum paid by Hysham was not accepted by the plaintiffs as full compensation for the injury which they had sustained; that it was not in fact full compensation for the injury; and that they had no intention of releasing their cause of action as against Carey. Why, then, should it be given an effect contrary to the intent of the one who executed it? We perceive no adequate reason for giving it such effect, and accordingly agree with the lower court that it did not release Carey." (Page 206.)

In the note following the report of *Abb v. Northern Pacific Ry. Co.*, 28 Wash. 428, in 92 Am. St. Rep. 882, the annotator said:

"In our opinion, however, the intention of the parties in such cases should be given effect. And if the instrument releasing one joint tort-feasor expressly reserves the right to pursue the others, it is not technically a release, but a covenant not to sue, and they are not discharged."

In closing a note upon the same case in 58 L. R. A. 307 a summary is given in which it is said:

"But in releases not under seal the courts are coming to a more reasonable and equitable doctrine, allowing the intentions of the parties to the agreement to regulate the extent to which it shall be given effect, and attempting to treat it the same as any other unsealed contract between the parties, not unlawful in itself and plain and express in its terms."

This was the rule in equity in the case of the release of one of two or more joint obligors upon contract

Edens v. Fletcher.

(*Kirby v. Taylor,* 6 Johns. ch. [N. Y.] *242), and it is now made the rule by statute in this state (Gen. Stat. 1901, § 1194). In *Bell v. Perry & Townsend,* 43 Iowa, 368, it was stated that the foundation of the rule rests in both cases on the joint liability, whether arising out of tort or contract; and this is also referred to in the Gilbert case in New York, where there is a similar statute. The court said:

"It thus appears that the decisions of this court are in accord with the English rule and in harmony with our statute in reference to joint debtors." (*Gilbert v. Finch,* 173 N. Y. 455, 466, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623.)

The provisions of this instrument, aside from the clause reserving the right to pursue those not expressly released, indicate the same intention. The clause acknowledging satisfaction in general terms concludes with the words "against said company and said John Kremer," which were improperly used if the intention was to release all the defendants. The further clause releasing another corporation not a party to the suit was also unnecessary if the view of the defendants is correct. When we consider with these clauses the express reservation with which the instrument closes, the intention not to release any of the defendants except the brewing company and Kremer is clear.

This conclusion is not opposed to the principle decided in *Westbrook v. Mize,* 35 Kan. 299, 10 Pac. 881. The facts of that case did not include a reservation such as this. It is not perceived how the defendants who were not parties to the stipulation can justly complain if the plaintiff is allowed to proceed with her action against them. The receipt of partial satisfaction by the plaintiff will not operate to their prejudice. (*Robertson v. Trammell,* 37 Tex. Civ. App. 53, 83 S. W. 258; *Robertson v. Trammell,* 98 Tex. 364, 83 S. W. 1098.)

It is not necessary to decide whether the court erred

in passing upon the merits of the proposed defense upon a motion, for in any event the motion should have been denied for the reasons already stated.

The judgment is reversed, and the cause remanded for further proceedings in accordance with the views expressed in this opinion.