No. 20,023.

J. F. FEIGHLEY, *Appellant*, v. THE C. HOFFMAN & SON MILL-ING COMPANY et al., *Appellees*.

No. 20,175.

JOHN J. WIDLER, *Appellant*, v. THE C. HOFFMAN & SON MILL-ING COMPANY et al., *Appellees*.

### SYLLABUS BY THE COURT.

1. MILLDAM — *Flooding Lands—Joint Wrongdoers—Effect of Releasing One.* The doctrine of *Edens v. Fletcher*, 79 Kan. 139, 98 Pac. 784, to the effect that an acknowledgment by the plaintiff of satisfaction against one of several defendants sued as joint wrongdoers, which constitutes only partial payment of the damages and in which the plaintiff expressly reserves the right to proceed against the other wrongdoers, does not operate to release the others where it appears that the parties to the arrangement did not intend such a result, reaffirmed and applied.

2. SAME—*Demurrer to Evidence—Trial Court Can Not Weigh Evidence.* The rule applied that upon a demurrer to the plaintiff's evidence the court can not weight the evidence nor settle conflicts in it, but that if the evidence most favorable to plaintiff tends to support the issues in the case the demurrer must be overruled and the case submitted to the jury.

Appeals from Dickinson district court; ROSWELL L. KING, judge.  Opinion filed May 12, 1917.  Reversed.

*E. C. Little,* of Kansas City, and *C. E. Rugh,* of Abilene, for the appellants.

*C. S. Crawford, G. W. Hurd, Arthur Hurd,* and *Bruce C. Hurd,* all of Abilene, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: Two actions were brought against the C. Hoffman & Son Milling Company, the Hoffman Elevator Company, C. Hoffman, C. B. Hoffman and the Chicago, Rock Island & Pacific Railway Company—one by J. H. Feighley and the other by John J. Widler, to recover damages for injuries resulting from an overflow of the Smoky Hill river, alleged to have been caused by the joint action and wrong of the defendants.

It appears that a number of actions were commenced by other plaintiffs, all growing out of the same circumstances, of which one has already been appealed to and determined by this court. (*Arnold v. Milling Co.,* 93 Kan. 54, 143 Pac. 413.)  The situation along the river, the location of the Hoffman dam and the obstruction at the railroad bridge are described in the opinion in that case. Upon the evidence produced in that case it was decided, among other things, that the overflow on the Arnold land was caused by the obstruction at the railroad bridge and not by the Hoffman dam.  After that decision and before these cases were tried the railway company and the respective plaintiffs settled their differences, and through their attorneys entered into stipulations which were practically the same in each case, one of which was in the following terms:

"It is hereby stipulated and agreed by and between J. F. Feighley and the Chicago, Rock Island and Pacific Railway Company, that the above entitled action shall be and is dismissed as to the defendant the Chicago, Rock Island and Pacific Railway Company, with prejudice.  The plaintiff hereby reserves any and all rights or causes of action against any of the other defendants.  It is the intention of the plaintiff herein to preserve his rights to continue his suit and claim against all of the other defendants and to proceed against them."

The stipulation in each case was filed in court and thereafter the actions were dismissed as to the railway company.  At the

trials the court sustained demurrers to the evidence of each plaintiff, who appeals.

The question is presented whether or not under the stipulation the plaintiffs could still proceed against the other defendants. It is contended that the plaintiffs having sued the defendants as joint tort-feasors, each wrongdoer must be considered as approving the acts of the others and to have made their acts his own. The plaintiffs might have elected to sue them separately, but it is argued that having sued them jointly and the act of each being the act of all, the discharge of one amounts to a satisfaction of the injuries done by all. It is therefore insisted that the release given by the plaintiffs to the railroad company of a joint liability operates to extinguish the entire damages and as a release of the codefendants of the railway company. The question presented by the defendants was before the court in *Edens v. Fletcher,* 79 Kan. 139, 98 Pac. 784, and every phase of it was carefully considered. It was not the intention of the parties that the payment made by the railway company and the release given to it should operate as a release of the others, and ordinarily the law gives effect to the intention and agreements of the parties which are based upon adequate consideration and are not contrary to good morals or public policy. All understood that only a partial compensation of the damages was made by the railway company as it settled with plaintiffs by paying about thirty per cent of the amount of their claims, and to leave no doubt there was a specific reservation of all rights and causes of action against the other defendants, and an express statement of an intention to continue the suit against them for the remaining liability. In the Edens-Fletcher case, *supra,* it was recognized that the authorities were in conflict on the question, but it was decided that the better rule, and one which is well sustained by modern authority, is that the intention of the parties between whom the agreement of release is made shall control. It was held that:

"An acknowledgment by the plaintiff of satisfaction against two of several defendants, who are sued as joint wrong-doers, will not release the others, where the instrument offered to show such release shows that it was not intended to have such effect. Where such acknowledgment of satisfaction contains an express reservation of the right to proceed against the other joint wrong-doers, who are codefendants with those released, and other expressions in the instrument are not inconsistent

with the retention of such right, the intention of the parties that the instrument should not operate as a release of such codefendants sufficiently appears." (Syl.)

In the opinion, written by Mr. Justice Benson, it was made too clear for doubt that the view taken was not in conflict with earlier Kansas decisions, and all of the objections were so completely answered and the governing rules so clearly stated as to leave no room for doubt or further contention as to the position of this court or any occasion for a reconsideration of the question. The rule there announced was followed in the recent case of *City of Topeka v. Brooks,* 99 Kan. 643, 164 Pac. 285.

Some contention is made that the evidence failed to establish a cause of action against the defendants. The question arises on a ruling sustaining a demurrer to the plaintiffs' evidence, and if the evidence fairly tended to show that the dam and obstructions placed in the river contributed to throw back or hold the water upon the plaintiffs' land the demurrer should have been overruled. Some of the testimony does not support the plaintiffs' contention and there is confusion and conflict in it as to the injurious effect of the dam, but evidence was introduced fairly tending to show that the dam placed in the river by the defendants obstructed the flow, eliminated the channel, filled the bed with silt and other deposits, and all together operated to flood plaintiffs' lands, causing injury and loss. Some of the testimony shows that the plane of high water was lower below than above the dam during the flood. The conflicting testimony and claims that the water was so high that the obstruction of the dam was without serious effect is one to be tried out by the jury and not by the court. Authorities are not needed to show that upon a demurrer to evidence the court can not accept some and disregard other testimony produced by plaintiff. It may not settle conflicts in the evidence nor draw inferences which conflict with any supporting evidence offered by the plaintiff. Putting aside the testimony unfavorable to plaintiff the court must accept every fact and conclusion which the evidence most favorable to the plaintiff tends to prove, and if after allowing all inferences favorable to him the testimony on his behalf tends to support the issues presented the demurrer must be overruled

and the case sent to the jury. On that basis this was clearly a case for the jury.

It is said that a different result was reached in the Arnold case, where the facts must have been substantially the same as in these cases. Evidence in that case, unless reproduced in this one, can be given no effect here. Rules of law determined in other cases may be applied, but every case is governed by its own facts, and we can not consider facts in a former appeal which are not in evidence here, not even if it had been brought to review former judgments in these cases. (*C. B. U. P. Rld. Co. v. Andrews, Adm'r*, 34 Kan. 563, 9 Pac. 213; *Sanford v. Weeks*, 50 Kan. 339, 31 Pac. 1088; *Parkhurst v. National Bank*, 55 Kan. 100, 39 Pac. 1027; *Railway Co. v. Mosher*, 76 Kan. 599, 92 Pac. 554.)

Something is said to the effect that the dam was built in a manner and to a height authorized by statute, but if it be granted that the dam is no higher than the statute provides that would not relieve defendants from liability for damages to those injured by its construction. The acts granting the right to construct the dam and increase its height expressly provided that it should not overflow the farms or lands outside of the natural banks of the river, nor was the owner of the dam relieved from liability for damages resulting from the building or raising of the dam. (Laws 1869, ch. 46; Laws 1870, ch. 64.)

The demurrer to the evidence should have been overruled, and therefore the judgment is reversed and the cause remanded for a new trial.

DAWSON, J., not sitting.