No. 27,151.

A. W. SKAER, *Appellant*, v. C. L. DAVIDSON, THE FOURTH NATIONAL
BANK OF WICHITA, W. C. MYERS, J. W. LEPORIN and H. D.
MOLLOHAN, *Appellees*.

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Joint Tort-feasors—Satisfaction Against One as Bar to Action
   Against Others*. The acceptance of satisfaction of a judgment against one
   of two or more joint tort-feasors is a bar to any future proceedings against
   the other tort-feasors unless a reservation is made in the satisfaction of
   judgment to proceed against the others.

2. SAME—*Joint Tort-feasors—Release of Two Without Reservations*. In an
   action to recover from joint tort-feasors, the proceedings considered, and
   *held*, that a release of two of such alleged tort-feasors and entry of a judg-
   ment with prejudice to future action contained no reservation entitling the
   plaintiff to proceed against the other alleged joint tort-feasors.

3. SAME—*Pleading*. And further, it was not error for the court to render judg-
   ment on the pleadings.

4. SAME—*Generally*. Various objections to a judgment in favor of alleged joint
   tort-feasors considered and not sustained.

Appeal from Sedgwick district court, division No. 3; GROVER PIERPONT, judge.
Opinion filed May 7, 1927. Affirmed.

*C. I. Martin, C. W. McVicker, A. V. Roberts, Benjamin F. Hegler* and
*Harry G. Carlson*, all of Wichita, for the appellant.

*C. G. Yankey, John L. Gleason, K. K. Cox, H. W. Hart, Glenn Porter* and
*Enos E. Hook*, all of Wichita, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: This case presents the question whether settlement
of an action against two joint tort-feasors is a bar to a subsequent
action against others connected with the same transaction, where the
settlement contained no reservation for further action. Plaintiff
prosecuted his suit against two of the defendants only, Davidson
and the bank. No service was had on Mollohan or Myers. Leporin
filed a motion to separately state and number several causes of ac-
tion. His motion was not ruled on and plaintiff has taken no further
action against him. After filing full answers and after reply by
plaintiff, the defendants Davidson and the bank filed motions for

Evidence, 22 C. J. pp. 1077 n. 68, 1138 n. 32.   Judgments, 34 C. J. pp. 817 n.
84, 818 n. 88, 833 n. 67, 981 n. 13, 983 n. 21, 29.   Release, 34 Cyc. p. 1077 n. 45.
Torts, 38 Cyc. pp. 537 n. 92, 538 n. 93; 27 A. L. R. 805; 26 R. C. L. 765.

judgment on the pleadings.  They were sustained and plaintiff appeals.

The first action was by Skaer and Leporin as plaintiffs against Lock Davidson and the Guarantee Title and Trust Company.  It was filed January 15, 1923.  Plaintiffs therein sought to recover damages from these two of the several wrongdoers on account of alleged false representations with reference to certain securities and other property.  In an amended petition in the first action the plaintiffs, among other things, alleged that it was agreed between them and Mollohan that Mollohan should give in addition to a chattel mortgage on certain cattle then in Texas, as security for the amount then owing from Mollohan to the plaintiffs, certain other property; that plaintiffs loaned Mollohan $145,000 on the security given, including the aforesaid cattle supposed to be on a ranch in Texas; that the security given at the time the loans were made, outside the cattle, was not worth to exceed $75,000.  In April, 1923, the parties to the then pending action entered into an agreement of compromise and settlement providing:

"That, whereas, the undersigned, A. W. Skaer and J. W. Leporin, under certain contracts entered into with Herbert D. Mollohan, one dated June 10, 1919, and one dated July 26, 1919, acquired a lien to secure indebtedness owing to them by the said Herbert D. Mollohan upon the following described property, to wit:  . . ."

(The instrument describes certain liens on real property in the city of Wichita, other real property in Marion county, other property known as the Texas ranch, by assignment of certain notes and by the assignment of certain shares of stock of the Marigold Oil and Refining Company.)  Continuing:

"Whereas, The Guarantee Title and Trust Company, prior to the date of said contract, held said securities or some of them to secure indebtedness owing to said the Guarantee Title and Trust Company by the said Herbert Mollohan, which indebtedness was taken by the said A. W. Skaer and J. W. Leporin, and said securities, or such of them as were held by the said Guarantee Title and Trust Company, surrendered to the said A. W. Skaer and J. W. Leporin; and

"Whereas, The said A. W. Skaer and J. W. Leporin have brought an action now pending in the district court of Sedgwick county, Kansas, against Lock Davidson and the Guarantee Title and Trust Company, being No. 49,621, in respect to item *d* of said securities above described, and have made certain claims with reference to the other securities mentioned above and other matters pertaining to the business or transactions heretofore had between the said

A. W. Skaer and J. W. Leporin on the one side, and the said The Guarantee Title and Trust Company and Lock Davidson on the other side; and

"Whereas, All of said matters and things have been fully compromised, settled and adjusted:

"Now, therefore, The undersigned, A. W. Skaer, and J. W. Leporin, in consideration of the premises and the payment to them of the sum of forty-five hundred dollars ($4,500), the receipt of which is hereby acknowledged, do hereby acknowledge full and complete satisfaction of all matters and things set forth and complained of in said suit now pending in the district court of Sedgwick county, Kansas, above described, being case No. 49,621, and further acknowledge full satisfaction of all claims or demands which the undersigned have or claim against said Lock Davidson and the Guarantee Title and Trust Company on account of any of the securities hereinbefore described or the title thereto, or any other matters pertaining in any way thereto, and further acknowledge payment, satisfaction and discharge of all claims and demands of whatsoever nature and description which the undersigned have or claim against the said the Guarantee Title and Trust Company or Lock Davidson, growing out of any transactions whatsoever which the undersigned may have had with said Guarantee Title and Trust Company or Lock Davidson, and by this instrument do hereby release and discharge said Guarantee Title and Trust Company, and Lock Davidson from any and all claims and demands of every kind and character whatsoever, and contemporaneously herewith dismiss with prejudice the said suit pending in the district court of Sedgwick county, Kansas, hereinbefore described.

"In testimony whereof, the undersigned have hereunto set their hands this —— day of April, A. D. 1923.                          JOHN W. LEPORIN.
                                                      "A. W. SKAER."

Thereupon a journal entry of judgment was entered which reads:

"Now on this 7th day of April, A. D. 1923, the same being of the April term of said court, the above-entitled cause comes on for hearing upon the motion of the plaintiffs to dismiss said cause with prejudice; and the court being fully advised in the premises and finding that a stipulation has been duly filed by counsel, for such dismissal, finds that said motion should be sustained.

"It is therefore by the court considered, ordered, and adjudged that said cause be and the same hereby is dismissed with prejudice to the commencement of any future action, as per stipulation on file, and at the cost of the plaintiffs taxed in the sum of $———."

In the second action filed September 3, 1924, the plaintiff named C. L. Davidson and the Fourth National Bank, W. C. Myers, J. W. Leporin and W. D. Mollohan as defendants. Davidson and the bank pleaded the judgment in the former action in bar of plaintiff's right to recover. Plaintiff, in reply, alleged lack of consideration and fraud, in connection with the execution of the release on which the first case was dismissed. Also, that he signed the release without reading it. Later, in reply to the amended answers of David-

son and the bank, he alleged that there were oral reservations made at the time of the signing of the release. Davidson and the bank moved the court for a trial of the questions of law arising on the pleadings, under the provisions of R. S. 60-2902, before taking testimony, and for judgment on the pleadings. Hearing was had thereon and judgment entered for defendants.

The plaintiff contends that he is entitled to recover in his second action for the loss sustained by the fraudulent representations of defendants of which he had no knowledge at the time of the purported release and upon which there could have been no meeting of the minds. He argues that he thought and understood that the title to the Marion county land (part of the alleged misrepresentation), which was of the approximate value of $30,000, was good; that he later learned that the abstract entries were forged entries; that deeds had been forged and that there was only title to a twenty-fourth interest in the land. He alleged that he learned of the defects in the title, the forgeries in the abstracts, etc., when he received a written opinion of an attorney at Marion, about September 8, 1922. It may be noted, however, that plaintiff's first action was not filed until January 15, 1923, after plaintiff alleges in his second action that he had knowledge of the fraud in reference to the Marion county land. Furthermore, the release executed in April, 1923, upon which the first action was compromised and dismissed, specifically mentions the Marion county land in connection with the settlement.

The plaintiff contends that the case at bar is not identical with the former case either as to parties or as to subject matter. So far as the subject matter of the action is concerned, we are of opinion that the property listed in the release filed in settlement of the first action, and that concerning which the allegations of plaintiff's amended petition in the second action refer, are identical. It is argued that while Leporin was a party plaintiff in the first action, in the second action he was made party defendant; that the opinion of the Marion county lawyer with reference to the title of the Marion county land was addressed to Leporin and that the efforts of Leporin in pretending to assist in the prosecution of the first case and his activity in effecting a settlement therein were all additional matters of fraud and misrepresentation, giving rise to the second action. This contention cannot relieve the plaintiff of the legal results of his action. He is bound by the allegations of his pleadings in the first action and the compromise, release and judgment

rendered therein. It may be that plaintiff has a cause of action against Leporin. With that question, we are not concerned at this time as plaintiff had not pressed his action against Leporin and he is not before this court. The allegations of plaintiff's amended petition in the second case when compared with those in the first fairly show that C. L. Davidson and the Fourth National Bank were connected with the transactions of which complaint was made by plaintiff in the first action.

The plaintiff's action is against alleged wrongdoers. He had an election to either sue one or all. He was entitled to but one satisfaction of the wrong. He elected not to sue all, but only Lock Davidson and the Guarantee Title and Trust Company. The mere pendency of the first action might not of itself be fatal to the plaintiff but he took satisfaction in that action (forty-five hundred dollars), and a dismissal of all matters involved therein with prejudice. The conclusive part of that proceeding rests in the unconditional release of two of the wrongdoers without any reservation as to any rights to any other wrongdoer in the same transaction, the taking of the forty-five hundred dollars in full satisfaction, and the entry of a judgment, based upon the stipulation dismissing the plaintiff's action with prejudice to any future action.

In 2 Freeman on Judgments, 5th ed., 1214, section 574, it is said:

"As in the case of joint and several contractors, the liability of joint tort-feasors, while spoken of as joint and several, is in fact usually treated as joint or several. In other words, the injured party has an alternative rather than a double remedy. If he sues them all jointly and has judgment, he cannot afterwards sue any one of them separately; or if he sues any one of them separately and has judgment, he cannot afterward seek his remedy in a joint action. Pursuing tort-feasors, or any of them severally, is a conclusive election to consider the tort as several, and is a bar to a joint action subsequently instituted. If they are sued jointly, taking judgment against one not only operates as a discontinuance, but constitutes a bar to obtaining judgment against the others. The cause of action, being single, has been merged in the judgment." (See, also, *Sessions v. Johnson,* 95 U. S. 347; *Reynolds v. New York Trust Co.,* 188 Fed. 611.)

"Plaintiff can have but one satisfaction for each trespass, whether he has recovered several judgments or none. Such satisfaction abates all actions pending, and discharges all judgments obtained, against co-trespassers. . . . The fact that plaintiff recovered only part of the damages to which he was entitled is immaterial." (2 Freeman on Judgments, 5th ed. 1224.)

"Where separate suits are pending against several joint trespassers, and one suit is settled and defendant discharged, the entire cause of action is discharged,

and there can be no recovery in the other suits, either of nominal damages or costs." (34 C. J. 983, § 1404.)

"One injured by a tortious act shared in by several must elect whether he will prosecute them all in a joint action, or sue one or more separately, he cannot do both." (34 C. J. 981, § 1402.)

*Westbrook v. Mize*, 35 Kan. 299, 10 Pac. 881, was a case where the plaintiff claimed that the defendant Mize, together with one Brandner, had conspired to wrongfully deprive the plaintiff of certain hay. On November 14, 1882, Westbrook began an action against Brandner to recover for thirty tons of hay of the alleged value of three dollars per ton, claimed by Westbrook to have been wrongfully carried away by Brandner. The case was tried on March 7, 1883, and resulted in a judgment for the plaintiff, Westbrook, against Brandner for $81. This judgment was paid by Brandner and the amount received by the plaintiff. In the second action of *Westbrook v. Mize*, the action was brought for sixty tons of hay of the value of three dollars per ton, and it was shown by the pleadings that the judgment recovered by Westbrook was for part of the sixty tons of hay. In this second action the plaintiff claimed that the defendant Mize conspired with Brandner in the joint wrong to take the hay. The court held that the judgment recovered against Brandner, who sued for part of the hay only or the value thereof, was a complete defense to the further action against Mize for the remaining hay taken. An exhaustive consideration of the question was made in *Edens v. Fletcher*, 79 Kan. 139, 98 Pac. 784. *Feighley v. Milling Co.*, 100 Kan. 430, 165 Pac. 276, was an action brought against Hoffman and Son Milling Company, the Rock Island Railway Company, and a number of other defendants, to recover damages resulting from the overflow of the Smoky Hill river, alleged to have been caused by the joint action and wrong of the defendants. The railway company settled with the plaintiff and took a release, and in the release the plaintiff made the following reservation:

"The plaintiff hereby reserves any and all rights or causes of action against any of the other defendants. It is the intention of the plaintiff herein to preserve his rights to continue his suit and claim against all of the other defendants and to proceed against them." (p. 431.)

The remaining defendants insisted that the plaintiff was not entitled to proceed further with the case, notwithstanding the fact that the plaintiff had expressly reserved rights against the other wrongdoers. The court said:

"The question is presented whether or not under the stipulation the plaintiffs could still proceed against the other defendants. It is contended that the plaintiffs having sued the defendants as joint tort-feasors, each wrongdoer must be considered as approving the acts of the others and to have made their acts his own. . . . In the Edens-Fletcher case, *supra*, it was recognized that the authorities were in conflict on the question, but it was decided that the better rule, and one which is well sustained by modern authority, is that the intention of the parties between whom the agreement of release is made shall control. . . . Where such acknowledgment of satisfaction contains. an express reservation of the right to proceed against the other joint wrongdoers, who are codefendants with those released, and other expressions in the instrument are not inconsistent with the retention of such right, the intention of the parties that the instrument should not operate as a release of such codefendants sufficiently appears." (*Feighley v. Milling Co.*, 100 Kan. 430, 432, 165 Pac. 276.)

See, also, an exhaustive note in 27 A. L. R. 805, where the rule is expressed in these words:

"The general theory expressed in the foregoing cases finds support in a practically uniform line of authorities holding that the acceptance of satisfaction of a judgment against one of two or more joint tort-feasors is a bar to any further proceedings against the other tort-feasors."

(See, also, *City of Topeka v. Brooks*, 99 Kan. 643, 164 Pac. 285; *Snehoda v. National Bank*, 115 Kan. 836, 224 Pac. 914, and cases cited.)

The release executed by the plaintiff for a good and valuable consideration became a part of the judicial proceedings in the first case. Therein the plaintiff took satisfaction and dismissed his case with prejudice. No reservation was made for other or subsequent action against the joint tort-feasors of defendants in that case. The plaintiff having litigated his claim against two of the tort-feasors to a final determination is not in postion to again litigate the same claim against other joint tort-feasors. Plaintiff's cause of action was adjudicated by the previous action. (*Greenwood v. Greenwood*, 96 Kan. 591, 152 Pac. 657; 97 Kan. 380, 155 Pac. 807; 34 C. J. 817, 818.) The plaintiff for a good consideration executed a complete release of the claims which he now attempts to assert in his second action. A litigant may have but one determination of the merits of his cause. (34 Cyc. 1077; 34 C. J. 833; 24 A. & E. Encl. of L. 781.) A record of the previous adjudication cannot be impugned by parol evidence. (22 C. J. 1077, 1138; 23 R. C. L. 416; 5 Wigmore on Evidence, 2d ed., 311, § 2432; 2 Freemen on Judgments, 5th ed., 1624.)

The judgment is affirmed.