Shields A. LAYNE, Plaintiff-Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

Shields A. LAYNE, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

Nos. 71–1958, 71–2627.

United States Court of Appeals,
Ninth Circuit.

May 11, 1972.

Greer S. Goldman, Arlington, Va. (argued), Anthony J. Steinmeyer, Alan S. Rosenthal, L. Patrick Gray, III, Asst. Atty. Gen., Washington, D. C., G. Kent Edwards, U. S. Atty., Anchorage, Alaska, for appellant/cross appellee.

Stephen N. Lipton (argued), Henry H. Wallace, of Wallace & Lipton, Pittsburgh, Pa., James R. Blair, of Rice, Hoppner & Blair, Fairbanks, Alaska, for appellee/cross appellant.

Before HAMLIN, DUNIWAY and GOODWIN, Circuit Judges.

DUNIWAY, Circuit Judge:

The United States, defendant in this Federal Tort Claims Act action, appeals from the district court's judgment of liability and award of damages in favor of the plaintiff Layne, challenging the finding of liability on the ground that Layne was contributorily negligent as a matter of law and alternatively requesting correction of the allegedly erroneous computation of the damages granted. Layne cross-appeals, claiming that the amount awarded by the district court was insufficient.

## FACTS

The trial court found the facts substantially as follows:

At 5:00 p. m. on May 26, 1966, tracked military vehicles belonging to the United States were being operated by its agents in a southerly direction on the unpaved Army tank trail which runs directly adjacent to a two-lane paved public highway, the Richardson Highway, at approximately Mile Twenty-one from Fairbanks, Alaska. The military vehicles caused a large, dense cloud of dust and debris to form and spread across the entire width of the highway, thereby obstructing the visibility of motorists operating their vehicles on the highway. The United States was negligent in maintaining the unpaved tank trail directly adjacent to the highway and in operating its tracked vehicles in the manner described.

As the direct and proximate result of the negligence of the United States the plaintiff Layne, upon being confronted by the large, dense cloud of dust and debris while lawfully operating his vehicle in a northerly direction on the Richardson Highway, was forced to slow his vehicle on the highway, whereupon his vehicle was struck from behind by another vehicle operated by one Kirk Wickersham, who because of the dust and debris obstructing the highway was unable to see plaintiff's vehicle on the highway ahead. Layne operated his vehicle as a reasonably prudent person would have done under similar circumstances, and was not contributorily negligent.

Layne suffered a blow to the back of his head as the sole, direct, and proximate result of which he has been caused to be permanently disabled by brain damage, which damage to the extent found, is permanent.

The following damages were awarded with interest at 6% per annum on the entire award, except pain and suffering, from the date of the judgment (November 30, 1970) until paid:

| | | |
|---|---|---|
| A. | Past medical expenses | $ 1,475.00 |
| B. | Future medical expenses | 10,000.00 |
| C. | Past loss of wages | 40,428.50 |
| D. | Future loss of wages | 97,200.00 |
| E. | Pain and suffering | 25,000.00 |
| | Total | $174,103.50 |

I. *The appeal of the United States.*

A. *Contributory negligence.*

The United States argues that the court erred in concluding that Layne did not negligently contribute to the accident. We do not agree. The trial court rejected the alternative courses of action that the United States suggested for Layne as no more reasonable than the course he actually pursued. Turning off the highway to the right would have subjected Layne to considerable risk by placing him directly in the path of the oncoming military vehicle. Turning off the highway to the left would have required crossing over the lane of on-coming traffic, with visibility ahead very poor because of the cloud of dust created by defendant. The trial court held that Layne, by reducing his speed and continuing to drive forward in the proper lane, was operating his vehicle "as a reasonably prudent person would have done under like or similar circumstances. . . ." We cannot say that the trial court erred as a matter of law.

B. *Correction of amount awarded for damages.*

1. *Reduction for amount recovered from joint tortfeasor.*

The Uniform Contribution Among Tortfeasors Act, which became effective in Alaska on April 22, 1970 (Alas.Stats., Title 9, ch. 16, 1971 Cum.Supp.) provides: "When a release . . . is given in good faith to one of two or more persons liable in tort for the same injury . . ., . . . it reduces the claim against the [other tortfeasors] . . . in the amount of the consideration paid for it." Alaska Code of Civil Procedure § 09.16.040, § 4 of the Uniform Act. Layne settled his claim against Kirk Wickersham on September 30, 1970, for

$50,000, and the trial court dismissed Wickersham as a defendant in this action. The United States, as the remaining defendant against whom the court granted judgment, now seeks reduction by $50,000 of the damages awarded Layne by the court, claiming that Section 09.16.040 of the Alaska Code of Civil Procedure requires it.

■ Although the causes of action against Wickersham and the United States arose at the time of the accident in 1966, before the effective date of the Alaska Uniform Contribution Among Tortfeasors Act, Section 09.16.040 is applicable here because the settlement was made after the statute became effective. *See* Smith v. Fenner, 1960, 399 Pa. 633, 161 A.2d 150, 154–155.

Layne admits the applicability of the Act, but claims that the United States cannot rely on Section 09.16.040 because it failed to raise the issue during the trial by placing the settlement in evidence and showing that the released defendant Wickersham, was in fact a joint tortfeasor. That Wickersham was not "one of two or more persons liable in tort for the same injury," Layne contends, is demonstrated by the court's specific finding that the accident and Layne's resulting injuries "were caused solely by, and were the direct and proximate result of, the negligence of the . . . United States of America."

Layne misapprehends the purpose and effect of § 4 of the Uniform Act. While § 4 changed the common law in one respect (i. e., by providing that release of one joint tortfeasor does not automatically release the other joint tortfeasors), it retained that part of the common law rule embodying the sound public policy of permitting a plaintiff to receive only the amount of his adjudged damages and no more, regardless of the source of the recovery. Since the principle is that there can be but one satisfaction for the same injury, whether or not the released party is in fact jointly liable with the

defendant against whom a judgment is rendered is not relevant. In either case, to prevent recovery by plaintiff of more than his legitimate damages, "the amount paid for the release or covenant not to sue must reduce *pro tanto* the injured person's judgment against another. Prosser, Law of Torts, 2nd Ed., Sec. 46, p. 246; 109 Pa.L.R. 311, 313; Holland v. Southern Public Utilities Co., 208 N.C. 289, 180 S.E. 592, and cases cited; Jacobsen v. Woerner, *supra,* 149 Kan. 598, 89 P.2d 24, and cases cited." Steger v. Egyud, 1959, 219 Md. 331, 149 A. 2d 762, 767–768. (applying New Jersey law).[1]

To require the United States to prove at trial that the released party was in fact a joint tortfeasor before § 4 of the Uniform Act can operate to cause a *pro tanto* reduction in the award equal to the amount recovered in the settlement would effectively thwart the major policy justifications for encouraging extrajudicial settlements—the disposition of claims without litigation, and the reduction and simplification of the issues requiring judicial determination. We do not think the language or intent of the Uniform Act requires such a result.

■ The settlement between Layne and Wickersham was part of the record before the trial court in this case. The trial judge discussed the settlement with attorneys for all parties at length, in open court. In such circumstances it would have served no useful purpose for the United States to formally offer the settlement into evidence and we do not require that it be done. Layne's award of damages against the United States should therefore be adjusted downward by $50,000, pursuant to Section 09.16.-040 of the Alaska Code of Civil Procedure.

2. *Discount of award for future losses to present value.*

The United States argues for the first time on appeal that the amount awarded

1. *But see* Swigert v. Welk, 1957, 213 Md. 613, 133 A.2d 428, 431; Davis v. Miller, 1956, 385 Pa. 348, 352, 123 A.2d 422, 424.

to compensate for loss of future earnings and future medical expenses should be discounted to present value. Otherwise, it says, the award will violate the statute's limitation of damages to compensatory damages only. 28 U.S.C. § 2674. O'Connor v. United States, 2 Cir., 1959, 269 F.2d 578, 585. Layne argues that whether particular damages are "compensatory" or "punitive" is determined by applicable state law (United States v. Hayashi, 9 Cir., 1960, 282 F.2d 599, 605), and that Alaska law is clear that awards of undiscounted future losses are compensatory. Beaulieu v. Elliot, Alaska, 1967, 434 P.2d 665, 670–672.

The United States did not present this claim to the trial court. Having failed to raise this point before the trial court, it cannot urge it before this court on appeal, and we do not decide it.

### 3. *Reduction in rate of interest on award.*

■ The trial court granted interest at 6% per annum on the award (except pain and suffering damages) from the date judgment was entered until the judgment is paid. 28 U.S.C. § 2411(b) limits the interest rate on judgments rendered against the United States under the Federal Tort Claims Act to 4% per annum from the date the judgment was entered. Accordingly, the judgment must be amended to provide 4% interest instead of the 6% granted.

### II. *Layne's appeal.*

■ Layne cross-appeals claiming that the damages granted for loss of earnings were inadequate as a matter of law. In computing the loss of earnings, the trial judge awarded the full amount that Layne could have been expected to earn for the first year following the accident, then one-half that amount for the remaining 15 years of his wage earning expectancy.

We cannot say that the trial judge was clearly wrong in refusing to grant the full amount of plaintiff's expected annual earnings. There was conflicting testimony from expert witnesses concerning the nature and extent of Layne's disability. The trial judge felt that the disability was not total and that Layne retained some wage earning capacity. That conclusion is not clearly erroneous.

On the appeal of the United States, the case is remanded to the District Court with directions to amend the judgment in accordance with the views here expressed. On Layne's appeal, the judgment is affirmed. The United States shall recover one-third of its costs on appeal.